IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETER MORGAN ATTWOOD,

    *Plaintiff*,

v.                              Case No.: 1:18cv38-MW/GRJ

CHARLES W. CLEMONS, SR.,

    *Defendant*.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

This Court has considered, without hearing, Plaintiff's motion for voluntary dismissal with prejudice, ECF No. 87, Defendant's response, ECF No. 89, and Plaintiff's reply, ECF No. 91. For the reasons set out below, Plaintiff's motion, ECF No. 87, is **GRANTED**.

The parties agree that this Court has broad discretion to permit voluntary dismissal under fair terms pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* ECF No. 87 at 2; ECF No. 89 at 8. Plaintiff seeks dismissal with prejudice based on his belief "that the potential benefits of continuing this litigation are outweighed by the costs, including to the taxpayers funding Mr. Clemons'[s] defense." ECF No. 87 at 1. In response, Defendant asserts that (1) he should be considered the prevailing

party in the event this Court grants Plaintiff's motion, for purposes of awarding costs, and that (2) this *may be* an extraordinary case warranting a fee award. Defendant accuses Plaintiff of pursuing this action in bad faith and for the purposes, in part, of embarrassing Defendant and interfering with his campaign.

"Under the American Rule, each party bears its own costs in litigation. There are common law exceptions to this rule when an action is brought in bad faith, when a party wilfully disobeys a court order, or when an action creates a 'common fund' or 'common benefit.' " *Woodard v. STP Corp.*, 170 F.3d 1043, 1045 n.3 (11th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257-59 (1975)). "[A]ssessment of attorneys' fees and costs may [also] be authorized by contract or statute." *Id*. (citing *Johnson Enters. of Jacksonville, inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998)).

"[A]ttorneys' fees and costs are typically not awarded when a matter is voluntarily dismissed with prejudice under Rule 41(a)(2)," however "such an award may be granted when exceptional circumstances are demonstrated." *Carroll v. E One Inc.*, 893 F.3d 139, 152 (3d Cir. 2018). "Exceptional circumstances include a litigant's failure to perform a meaningful pre-suit investigation, and a repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system." *Id*. None of these

exceptions to the American Rule or exceptional circumstances are present in this case.

On review of the parties' papers and the exhibits attached in support of Defendant's response, this Court is not persuaded that this is an extraordinary case warranting an award of fees and costs as a condition of dismissal. Defendant's evidence of Plaintiff's alleged ulterior motives in pursuing this action are better suited for the local gossip column than as the basis for an attorney's fee award. More importantly, the basis of Plaintiff's claim—i.e., whether a public official violates the First Amendment in blocking or banning constituents from their social media platform—is not settled in this Circuit and has been a hot-button issue throughout the country. Indeed, this Court previously determined that Plaintiff raised questions of law and fact that were of sufficient merit to survive summary judgment on this issue. *See* ECF No. 81. Moreover, before even reaching summary judgment, Plaintiff's claims endured an interlocutory appeal of this Court's rejection of Defendant's claims to immunity. *See* ECF Nos. 49 & 50. Accordingly, this Court finds Plaintiff did not file his claim or pursue this litigation in bad faith. Neither has Plaintiff wilfully disobeyed a court order, nor has this action created a common fund or common benefit. Finally, aside from Rule 41 which affords this Court discretion to award fees, Defendant cites no contract or statute which would entitle him to an award of fees and costs upon dismissal of Plaintiff's claims.

3

In short, in this Court's discretion and consistent with "the general rule" that "attorneys' fees and costs are not typically appropriate when dismissal is *with prejudice*," this Court will not award fees or costs to Defendant. *Carroll*, 893 F.3d at 147; *see also Byker v. Smith*, No. 2:16-CV-2034-GMB, 2021 WL 256614, at *3 (N.D. Ala. Jan. 26, 2021) (declining to award fees and costs as condition of dismissal with prejudice and noting the general rule that fees and costs accompany dismissal with prejudice only "in the most exceptional circumstances"); *cf. Martin v. City of Daytona Beach*, 2008 WL 4938347, at *1 (M.D. Fla. Nov. 18, 2008) (finding an award of costs and fees appropriate as condition of dismissal where plaintiffs amended their state-court claims to include federal claims so as to deliberately delay a previously scheduled summary judgment hearing, then moved to dismiss those claims once the case was removed to federal court).

This Court finds that dismissal with prejudice sufficiently protects Defendant from otherwise repetitive litigation from this Plaintiff. Plaintiff's motion for voluntary dismissal with prejudice, ECF No. 87, is **GRANTED**. The Clerk is directed to enter judgment stating, "Peter Morgan Attwood's claims against Charles

4

W. Clemons, Sr., are voluntarily dismissed with prejudice." The Clerk shall close the file.[1]

**SO ORDERED on June 7, 2021.**

                                               s/Mark E. Walker            
                                               **Chief United States District Judge**

---

[1] To be clear, this Order specifically addresses whether fees or costs should be awarded as a condition of dismissal under Rule 41. Defendant may also be entitled to costs as a prevailing party under Rule 54(d). *See Johnson v. Pringle Dev., Inc.*, No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542, at *2 (M.D. Fla. Aug. 1, 2006) (noting that a Rule 41(a)(2) dismissal has the "judicial imprimatur" necessary to establish "prevailing party" status under Rule 54(d)); *see also Bd. of Trustees of Nat'l Roofing Indus. Pension Fund, et al. v. Von Noorda, et al.*, No. 2:16-cv-170-JAD-DJA, 2019 WL 4044009, at *2 (D. Nev. Aug. 27, 2019) (discussing the intersection of Rule 41 and Rule 54 and reserving ruling on the merits of defendants' request for costs). Defendant is free to pursue costs in accordance with the local rules subject to any objections from Plaintiff.