IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**PETER MORGAN ATTWOOD,**

    *Plaintiff*,

v.                                         Case No.: 1:18cv38-MW/GRJ

**CHARLES W. CLEMONS, SR.,**

    *Defendant*.

_____/

## ORDER ON COSTS

Defendant has filed a bill of costs amounting to $2,410.85. ECF No. 94. Plaintiff has filed objections to Defendant's bill of costs, citing this Court's discretion to deny full costs. ECF No. 95. Plaintiff asserts that his claims were brought and prosecuted in good faith, raised novel and complex legal issues, and conferred important public benefits, notwithstanding the fact that Plaintiff voluntarily dismissed his case with prejudice on the eve of trial. These reasons, Plaintiff says, provide a sound basis to deny Defendant's costs. *See Picket v. Iowa Beef Processors*, 149 F. App'x 831, 833 (11th Cir. 2017) ("[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs." (quoting *Chapman v. Al Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

Plaintiff does not assert an inability to pay costs. Plaintiff also does not challenge the claimed amounts.

Defendant has filed a reply, ECF No. 96, asserting Plaintiff's cited cases provide little support for Plaintiff's request to deny costs. Defendant also points out that this Court has imposed costs upon non-prevailing indigent, *pro se* plaintiffs in prior cases. In short, Defendant asserts, Plaintiff has not demonstrated a "sound basis" to overcome the strong presumption that Defendant is entitled to costs.

While it is true this Court has imposed costs upon non-prevailing indigent *pro se* parties, this Court has taken the parties' financial status into consideration, among other factors, and reduced allowable costs. *See, e.g.*, *Hoever v. Hampton*, No.: 4:14cv273-MW/CAS, 2018 WL 10322024, *1-2 (N.D. Fla. April 4, 2018) (reducing costs by 90% after "[c]onsidering Plaintiff's non-frivolous claim, his good-faith basis in proceeding in this case, and his indigency"). But here, Plaintiff has made no suggestion that he is unable to pay costs.

This Court is sympathetic to Plaintiff's argument that taxing costs to a non-prevailing party may not be appropriate where he raised a complex, cutting-edge legal claim and litigated the merits in good faith to the finish line. But that is not the case here. Had Plaintiff pursued his claims at trial and not prevailed, this Court would not be so inclined to award costs to Defendant. The public benefit of bringing this novel and important issue before the court and reaching a final result on the

2

merits is arguably a "sound basis" upon which this Court could exercise its discretion to deny costs to the prevailing party. But here, Plaintiff dismissed his claims with prejudice on the eve of trial.

Given the strong presumption that Defendant is entitled to costs, this Court finds Defendant is entitled to costs totaling $2,410.85. Accordingly, the Clerk shall enter judgment for costs stating "Defendant is entitled to judgment against Plaintiff in the amount of $2,410.85 in costs, for which sum let execution rest." The Clerk shall close the file.

**SO ORDERED on July 12, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**